UNITED STATES DISTRICT COURT
For the
EASTERN DISTRICT OF WISCONSIN

Medcor, Inc.
4805 Prime Parkway
McHenry, IL 60050
      Plaintiff,

v.  Civil Action No. _____

Faith Technologies, Inc.
225 Main Street
Menasha, WI 54952-0260
      Defendant.

## COMPLAINT

Plaintiff Medcor, Inc. ("Plaintiff") files this Complaint against Defendant Faith Technologies, Inc. ("Defendant") and alleges as follows:

### NATURE OF THE ACTION

1. This is an action for breach of contract and for account stated based on Defendant's refusal to pay for services rendered by Plaintiff under a contract drafted by Defendant.

2. Plaintiff is seeking monetary damages for unpaid services rendered under a contract to provide medical services to Defendant at a construction jobsite located in West Des Moines, Iowa and statutory interest.

### THE PARTIES

3. Plaintiff Medcor, Inc. is a corporation organized and existing under the laws of the State of Illinois, with its principal place of business located at 4805 Prime

Parkway, McHenry, Illinois 60050, as found on the Office of the Secretary of State for Illinois ilsos.gov website. A copy of a "Corporation/LLC Search/Certificate of Good Standing" from the Office of the Secretary of State for Illinois is attached hereto and incorporated herein as Exhibit A.

4. Defendant Faith Technologies, Inc. is a corporation organized and existing under the laws of the State of Wisconsin, with its principal place of business located at 225 Main Street, Menasha, WI 54952-0260, as found on the Wisconsin Department of Financial Institutions website. A copy of the "Corporate Records" from the WI Dept. of Financial Institutions corporate record search is attached hereto and incorporated herein as Exhibit B.

## JURISDICTION AND VENUE

5. There is complete diversity of citizenship between the Plaintiff and Defendant in this case. The amount in dispute in this action, exclusive of interest and costs, exceeds the sum of $75,000. Therefore, this Court has jurisdiction over this dispute under 28 U.S.C. § 1332.

6. This Court has personal jurisdiction over Defendant Faith Technologies because Defendant Faith Technologies is domiciled in Wisconsin.

7. Venue in this district is proper under 28 U.S.C. § 1391 (b)(1) because the defendant resides in this district.

## FIRST CLAIM FOR RELIEF

### Breach of Contract against Faith Technologies, Inc.

8. The Plaintiff realleges and incorporates by reference its allegations in Paragraphs 1 through 7.

9. On July 30, 2020, Plaintiff and Defendant entered into a contract by which Plaintiff agreed to provide full-time medical services, COVID management, including performing temperature checks on a daily basis, wristband tracking and provide onsite testing as required, for an agreed upon sum of $171,203.00. A true and correct copy of this contract is incorporated by reference herein as Exhibit C.

10. Plaintiff has duly performed all of its obligations and duties under the contract.

11. Defendant has breached the contract by refusing to pay Plaintiff the agreed upon sum of $171,203.00, despite accepting Plaintiff's services.

12. Plaintiff sent monthly invoices for each month that services were rendered under the contract.

13. Defendant did not dispute the amount of any invoice provided by Plaintiff.

14. Defendant has not paid all invoices due and payable to Plaintiff.

15. On February 26, 2021, September 20, 2021, October 21, 2021, and November 22, 2021, Plaintiff demanded that Defendant fulfill its obligations to pay for services rendered under the contract, but Defendant refused.

16. Defendant has outstanding unpaid invoices with Plaintiff totaling $88,136.01 and is in breach of the parties' contract for failure to pay for services rendered.

17. As a result of Defendant's breach of contract, Plaintiff has been damaged in an amount to be determined by the court, but no less than $88,136.01.

## SECOND CLAIM FOR RELIEF

### Account Stated - Faith Technologies, Inc.

18. The Plaintiff realleges and incorporates by reference its allegations in Paragraphs 1 through 17.

19. Plaintiff and Defendant utilized email to communicate regarding invoicing and payment.

20. Plaintiff sent Defendant a final notice of past due payments on the invoices submitted to Defendant on November 22, 2021, which included the amounts due.

21. Defendant acknowledged payment was due in an email to Plaintiff on December 2, 2021. The email is attached and incorporated herein as Exhibit D.

22. Defendant continuously used Plaintiff's services under the contract.

23. The invoices submitted to Defendant equaled the contract sum of $171,203.00.

24. Defendant did not object to the amount due to Plaintiff in any invoice Plaintiff delivered to Defendant.

25. Defendant paid some, but not all, of the invoices Plaintiff submitted, leaving a balance due of $88,136.01 on the $171,203.00 contract between the parties.

26. Sufficient time has passed since each invoice was submitted to Defendant and Defendant's failure to object is a manifestation of assent to the sums due to Plaintiff.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter a judgment against Defendant, granting Plaintiff the following relief:

A. The entry of judgment in favor of the Plaintiff on each and every cause of action;

B. The award of the requested damages in the amount of $88,136.01;

C. Prejudgment interest from November 22, 2021 until judgment is entered;

D. The award of the costs of the suit and plaintiff's, attorneys' fees; and,

E. Such other relief as the Court deems just and equitable.

Dated this 5th day of May, 2023.

    Respectfully submitted,

    STADLER SACKS, LLC
    Attorneys for Plaintiff

    /s/ Ronald S. Stadler
    Ronald S. Stadler
    State Bar. No. 1017450
    Dawn N. Klockow
    State Bar No. 1034857

5

Case 1:23-cv-00576-WCG    Filed 05/05/23    Page 5 of 6    Document 1

3070 Helsan Drive, Suite J
Richfield, WI 53076
Telephone: 262-304-0610
E-mail: rss@stadlersacks.com
dnk@stadlersacks.com